UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHUNDA MARIE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-00107 JAR |
| | ) |
| WALMART STORE EAST L.P., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Lashunda Green brings this action for employment discrimination against her former employer, WalMart Store East L.P. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's motion for appointment of counsel, however, will be denied at this time. [ECF No. 3]. Based on review of the record, plaintiff will be directed to file an amended complaint on a court-provided form in compliance with the instructions provided herein. Plaintiff will have twenty-one (21) days to do so.

**The Complaint**

Plaintiff states that she was a former employee at WalMart, although she does not indicate her prior position at the company. She filed suit against defendant WalMart Store East L.P. pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, for race discrimination, as well as the Age Discrimination in Employment Act of 1967 (ADEA), 29

U.S.C. §§ 621, *et seq.*[1] Plaintiff asserts that WalMart terminated her employment, failed to promote her, subjected her to a hostile work environment/harassment, retaliated against her and discriminated against her in the terms and conditions of her employment.

Plaintiff's complaint is completely devoid of any factual assertions relative to her employment at WalMart, and she has not identified her race. In fact, plaintiff has not articulated any claims for relief in her "Statement of Claim." Rather, the "Statement of Claim" gives details only about the administrative reconciliation process at the Equal Employment Opportunity Commission (EEOC), but it lacks any information about the alleged race and/or age discrimination, harassment and/or retaliation that plaintiff purportedly suffered while she was employed at WalMart.

The reconciliation process in front of the EEOC has no bearing on the present matter, and plaintiff is required to set forth her claims for relief in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed.R.Civ.P. 8 and 10; Local Rule 2.06(A). The Court, recognizing that plaintiff is representing herself pro se, will provide plaintiff the opportunity to amend her complaint on a court-provided form so that she may comply with the requirements in the Federal and Local Rules. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).

**Discussion**

Upon review of the complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because plaintiff is self-represented, she will be allowed to amend her complaint in accordance with the instructions set forth below.

---

[1] On the form complaint, plaintiff has also checked the line for bringing this employment discrimination lawsuit based on "Other." Plaintiff does not describe the "Other," as specified to do on the form.

a. **Requirements of an ADEA claim**

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against individuals who are forty years or older, because of their age. 29 U.S.C. §§ 623, 631. To establish a prima facie case under the ADEA, a plaintiff must show: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). In addition, the ADEA prohibits retaliation against employees who oppose any practices made unlawful by the statute, or who file charges or assert their rights under the statute. *See* 29 U.S.C. § 623(d).

Before suing under the ADEA, a plaintiff must have filed a charge of discrimination with the EEOC. *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). A plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to the allegations brought before the EEOC. *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020).

In this case, plaintiff's complaint does not contain any of the necessary allegations to state an ADEA claim. Plaintiff has failed to mention the position she worked at WalMart, let alone that she was qualified for the position. Additionally, she has failed to detail the adverse employment actions of which she is complaining. Last, she has failed to mention younger employees who were treated more favorably than herself who were similarly situated to her. As to plaintiff's claim of retaliation, she states that she was retaliated against, but she fails to indicate what the alleged retaliation was, when it occurred, and what the alleged retaliation consisted of.

Plaintiff must correct these pleading deficiencies in the filing of her amended complaint if she wants her ADEA claim to survive review. Finally, because plaintiff must exhaust her allegations with the EEOC, she will be directed to also file her EEOC charges of discrimination

(both her first and second charges) with her amended complaint. Plaintiff is also required to provide the Court with her notice of right-to-sue so that the Court can ascertain if she timely filed the present action.

### a. Requirements of a Title VII claim

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

In the complaint, plaintiff does not allege that she was discriminated against based on any of the Title VII protected classes. In fact, plaintiff never specifies her own race, nor does plaintiff allege membership in any protected class. Plaintiff never details any disparate treatment, and the complaint is devoid of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. Plaintiff's amended complaint must state a prima facie case of Title VII discrimination to survive initial review under 28 U.S.C. § 1915(e)(2). Additionally, to the extent plaintiff believes she was retaliated against based on her race (pursuant to Title VII), she must indicate what the alleged retaliation was, when it occurred, and what the alleged retaliation consisted of. Furthermore, if plaintiff believes she was subjected to a racially hostile work environment, she must articulate the basis of such a claim.

### Instructions for Filing an Amended Complaint

Plaintiff shall file an amended complaint, attaching her EEOC charges of discrimination and right-to-sue letter. Plaintiff is warned that the filing of an amended complaint replaces the

original complaint and all supplements, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the amended complaint on the court-provided form. Plaintiff should make sure to fully complete the form and provide all required information. Plaintiff should specify all legal grounds for her employment discrimination lawsuit. Plaintiff should detail all facts and describe specific conduct that she believes is discriminatory. Plaintiff is required to set out not only her alleged claims in a simple, concise, and direct manner, but also the facts supporting her claims.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims,

and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the court-provided form and in compliance with the Court's instructions. Plaintiff shall attach her EEOC charges of discrimination and right-to-sue letter.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice.**

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 30th day of January, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE