UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHUNDA MARIE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-00107 JAR |
| ) | |
| WALMART STORE EAST L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Lashunda Green's second motion to proceed in forma pauperis, as well as her amended complaint. [ECF Nos. 5 and 6]. Because the Court granted plaintiff leave to proceed in forma pauperis on January 30, 2024, ECF No. 4, the Court will deny plaintiff's second motion for leave to proceed in forma pauperis as moot. After reviewing the amended complaint submitted by plaintiff, however, the Court will provide plaintiff an additional twenty-one (21) days to submit copies of her charges of discrimination and right to sue letters from the Equal Employment Opportunity (EEOC). Plaintiff's failure to do so will result in a dismissal of this action.

### The Amended Complaint

Plaintiff, a black woman over the age of 40, states that she was formerly employed at WalMart in Manchester as an Assistant Manager. Plaintiff brings this action against WalMart Store East L.P. pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, for race discrimination, as well as the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq*.

Plaintiff states that she was working as an Assistant Manager at the WalMart on Manchester when on April 21, 2021, she was denied a promotion. Although plaintiff does not

indicate the position she failed to attain with the company, she indicates that a twenty-two (22) year-old new employee received the promotion instead of her, despite her "extensive knowledge and experience." It appears that plaintiff believes that her lack of promotion was due to age discrimination, as she indicates that she suffered age discrimination and failure to promote on April 21, 2021.

Although plaintiff inquired with human resources as to the reason she was denied the promotion, she was not given an explanation. However, plaintiff claims that she was "kept as a recovery manager" to assist the coaches. Plaintiff was transferred from the Manchester WalMart to the Telegraph Store shortly thereafter, although she does not provide the Court with the specific date of transfer. Although plaintiff states in her amended complaint that she filed a charge of discrimination with the EEOC on or about October 13, 2021, she has not attached a copy of her charge to her amended complaint. The Court specifically instructed plaintiff in its January 30, 2024 Memorandum and Order to attach copies of her charge of discrimination and her right to sue letters. Nonetheless, plaintiff has failed to comply with this Order.

Plaintiff complains that she faced "several challenges at [her] new store, including being belittled and put in uncomfortable situations" by an unnamed store manager. Plaintiff has not elaborated on these statements. However, she indicates that she filed complaints with WalMart ethics and the EEOC regarding the situation, "and the entire human resource department were terminated." In her amended complaint, plaintiff states that she filed a second charge of discrimination with the EEOC on September 14, 2021. However, in direct contravention of the Court's Order, she has not attached this document to the amended complaint. Thus, the Court is unable to ascertain the allegations contained her in charge.

It appears that after the filing of the second charge and the events relating to the charge, plaintiff was transferred to the Arnold WalMart as a coach. Plaintiff asserts that she was "quickly

recognized for [her] knowledge and leadership skills," and within two weeks, she was asked to help at a different WalMart, which she identifies as WalMart 5927.

At WalMart 5927, plaintiff "filed nine discrimination and racial profiling cases." However, she does not elaborate on the events supporting her complaints. Instead, plaintiff makes the conclusory allegation that there was a connection between her termination from WalMart Store 5927 and her prior work at WalMart Store 1177, which is presumably the Manchester WalMart. Plaintiff, however, fails to elaborate on the purported connection or point out the date of her termination.

In her request for relief, plaintiff states that she would like "compensation for mental, economic, non-economic and punitive damages due to mental stress." She claims that WalMart "suggested people were scared of the angry black woman."

## Discussion

As set forth above, plaintiff was instructed in the Court's January 6, 2024 Memorandum and Order to not only amend her pleading in this matter, but also to attach copies of her charge of discrimination and the right to sue from the EEOC. Nonetheless, plaintiff has failed to comply with the Court's Order, as her charges, which she states were filed with the EEOC on October 13, 2021, and September 14, 2021, have not been provided to the Court. Additionally, plaintiff has failed to provide a copy of her notice of right to sue from the EEOC indicating that she is able to pursue her statutory remedies under both Title VII and the ADEA.

Before suing under Title VII and the ADEA, a plaintiff must have filed a charge of discrimination with the EEOC and received a right to sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000); *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). A plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to the allegations brought before the EEOC. *See Paskert v. Kemna-ASA Auto*

*Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020). Additionally, a plaintiff has ninety (90) days to file a lawsuit from receipt of the right to sue letter. *See* 42 U.S.C. § 2000e(f)(1); *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995). Because plaintiff has failed to provide her charges of discrimination and her notice of right to sue letters, the Court is unable to ascertain whether the claims in this lawsuit are "like or reasonably related" to the allegations within her charges of discrimination.

The Court will allow plaintiff an additional twenty-one (21) days from the date of this Memorandum and Order to submit her charges of discrimination and her right to sue letters. If plaintiff fails to submit her charges of discrimination and letters of right to sue within the time allowed, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 6] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED that within twenty-one (21) days of the date of this Memorandum and Order,** plaintiff shall submit to the Court copies of her charges of discrimination and notices of right to sue. **Plaintiff's failure to do so will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 9th day of February, 2024.

                                        /s/ John A. Ross
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE