UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LASHUNDA MARIE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-00107 JAR |
| ) | |
| WALMART STORE EAST L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint and supplemental documents. [ECF Nos. 5, 8 and 9]. Because plaintiff is proceeding in forma pauperis, the Court is obligated to review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. After reviewing the amended complaint and supplemental pleadings, the Court will dismiss this action, without prejudice.

### The Amended Complaint and Supplemental Pleadings[1]

Plaintiff, a black woman over the age of 40, states that she was formerly employed at Walmart[2] in Manchester as an Assistant Manager. Plaintiff brings this action against Walmart Store East L.P. pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, for race discrimination, as well as the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.* After reviewing the amended complaint and supplemental pleadings, the Court sets forth plaintiff's claims as follows.

---

[1]Pursuant to Federal Rule of Civil Procedure 10(c), a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

[2]At various times in her pleadings, plaintiff spells defendant's name as Walmart and WalMart, with a capital "M." The Court will spell defendant's name as Walmart because that is the spelling on defendant's corporate documents.

Plaintiff states that she was working as an Assistant Manager at the Walmart on Manchester, which she also refers to as Store 1177, when on April 21, 2021, she was denied a promotion. [ECF No. 5, p. 5]. She indicates that a twenty-two (22) year-old white, new employee received the promotion instead of her, despite her "extensive knowledge and experience." Plaintiff alleges that her lack of promotion was due to both race and age discrimination. *Id.*

The Court notes that although plaintiff indicates in her amended complaint that the date she was denied the promotion at the Manchester Store occurred on or about April 21, 2021, she has provided a supplemental document to her complaint, *see* ECF No. 8, pp. 14-16, in which she states that the failure to promote occurred on or about September 29, 2020. The document appears to be a contemporaneous email written by plaintiff to a person at Walmart Ethics named Joanna Culp on October 21, 2020. *Id.* In that document, plaintiff asserts that on September 29, 2020,[3] she was told by her Store Manager, an individual she refers to as Eddie, that she wasn't selected to be promoted to coach. *Id.* However, she was selected to report to the Telegraph Store as a recovery assistant instead. Plaintiff states that Eddie told her that her co-managers also were not provided the promotion because there were not enough positions in the market. *Id.* She indicated to Walmart Ethics that she believed the matter was due to her race. *Id.*

Although plaintiff inquired with human resources as to the reason, she was denied the promotion, she states in the amended complaint that she was not given an explanation. [ECF No. 5, p. 6]. Plaintiff was then transferred from the Manchester Walmart to the Telegraph Walmart as she was told by Eddie, which plaintiff refers to as Store 2213, shortly thereafter. *Id.* Plaintiff does not provide the Court with the specific date of transfer, nor does she indicate that the transfer was an adverse employment action.

---

[3] Given that the failure to promote occurred on September 29, 2020, plaintiff's first charge of discrimination was due to the Equal Employment Opportunity Commission within 300 days of that date, or no later than July 26, 2021. Plaintiff, however, did not file her charge until September 14, 2021.

Plaintiff complains that she faced "several challenges at [the Telegraph Store], including being belittled and put in uncomfortable situations" by an unnamed store manager. Plaintiff has not elaborated on these statements. However, she indicates that she filed complaints with Walmart Ethics and the Equal Employment Opportunity (EEOC) regarding the situation, "and both the store manager and the entire human resource department were terminated." [ECF No. 5, p. 6]. This is the entirety of plaintiff's purported hostile work environment claim. The Court assumes that plaintiff's first charge of discrimination, allegedly filed on September 14, 2021, relates to allegations from the Telegraph Store. *See* ECF No. 5, p. 3. Plaintiff has failed to provide the charge of discrimination to the Court despite the Court requiring her to do so.[4]

The Court notes that plaintiff was specifically told in the Court's January 30, 2024 Memorandum and Order to provide copies of her charges of discrimination, and when she failed to do so, the Court issued a second Memorandum and Order on November 9, 2024, telling plaintiff to provide copies of her charges. [ECF Nos. 4 and 7]. In that Order, plaintiff was told that her failure to provide the charges would result in a dismissal of this action, without prejudice. [ECF No. 7].

It appears that after the filing of the second charge of discrimination on October 13, 2021, plaintiff was transferred to the Arnold Walmart, which plaintiff identifies as Store 5150, as a coach. [ECF No. 5, p. 6]. Plaintiff asserts that she was "quickly recognized for [her] knowledge and leadership skills," and within two weeks, she was asked to help at a different Walmart, which she identifies as Walmart 5927, or the Florissant Walmart. *Id.*

At the Florissant Walmart, plaintiff "filed nine discrimination and racial profiling cases." [ECF No. 5, p. 6]. However, she does not elaborate on the events supporting her complaints.

---

[4]The Court notes that in her amended complaint, plaintiff states that she filed charges of discrimination with the EEOC on September 14, 2021, and October 13, 2021, as well as a charge of discrimination with the Missouri Commission on Human Rights on December 15, 2022. *See* ECF No. 5, p. 3.

Instead, plaintiff makes the conclusory allegation that there was a connection between her termination from the Florissant Walmart and her prior work at the Manchester Walmart. She claims:

> I believe I was retaliated against when I went to store number 5927. Eddie, who was from store 1177 and had connections with Josh, was sent to that store as his trainee. However, I think he was sent there so that if he terminated me, there would be no connection to store 1177. But the EEOC case was still open, and I was still terminated. Phil, who was a store lead and also from store 1177, told Eddie that there was a connection between me and store 1177, which may have led to my termination.

[ECF No. 5, p. 6].

Plaintiff indicates that she was terminated based on retaliation for having filed complaints on or about September 10, 2022. Plaintiff, however, does not allege what her complaints entailed or who she complained to. It appears she filed a third charge of discrimination on December 15, 2022. *See* ECF No. 5, p. 3.

In her request for relief, plaintiff states that she would like "compensation for mental, economic, non-economic and punitive damages due to mental stress." She claims that Walmart "suggested people were scared of the angry black woman." [ECF No. 5, p. 7].

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Discussion

Plaintiff alleges that defendant Walmart discriminated against her based on her race and age on or about September 29, 2020, by failing to promote her at the Manchester Walmart and instead promoting a white, 22-year-old woman. She also alleges that Walmart subjected her to a racially hostile work environment in 2021 when she was working at the Telegraph Walmart when she was "belittled and put in uncomfortable situations" by an unnamed store manager. Last, plaintiff alleges that she was retaliated against for filing complaints when she was fired on September 10, 2022.

### A. Plaintiff's Complaint is Subject to Dismissal Pursuant to Federal Rule of Civil Procedure 41(b) For Failing to File Copies of Her Charges of Discrimination with the Court as Ordered

Plaintiff filed her employment discrimination action on January 19, 2024. Because her complaint failed to include a "Statement of Claim," on January 30, 2024, the Court ordered plaintiff to amend her complaint on a Court-provided form. [ECF No. 4]. Plaintiff was told that when she amended her complaint, she should include copies of any charges of discrimination she filed with the EEOC so that the Court could review plaintiff's compliance with the administrative exhaustion requirements. *Id.* Although plaintiff filed an amended complaint in a timely manner, she failed to file copies of her charges of discrimination. Thus, on February 9, 2024, the Court once again ordered plaintiff to file copies of her charges of discrimination with the Court. [ECF No. 7]. Plaintiff filed a copy of her notice of right to sue with the Court on February 13, 2024, see ECF No. 9, but she failed to file copies of her charges of discrimination. Her failure to comply with the Court's Orders mandates dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), without prejudice.

Even if plaintiff's claims were not subject to dismissal under Federal Rule of Civil Procedure 41(b), the Court finds that plaintiff's claims are alternatively subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### B. Plaintiff's Failure to Promote Claims Are Time-Barred Due to Plaintiff's Failure to File Her Charge of Discrimination Within 300 Days of the Alleged Discriminatory Event

Plaintiff alleges that defendant Walmart discriminated against her based on her race and age, under both Title VII and the ADEA, on or about September 29, 2020, by failing to promote her at the Manchester Walmart and instead promoting a white, 22-year-old woman. As noted above, in her amended complaint plaintiff asserts that the date of the alleged promotion was on April 21, 2021. [ECF No. 5, p. 5]. However, in her supplemental pleading, provided to the Court

on February 13, 2024, *see* ECF No. 8, plaintiff indicates that the failure to promote occurred on September 29, 2020, when she was taken into her manager's office at the Manchester Walmart and told she was not being promoted. *Id.*

Failure to promote is a discrete discriminatory act that is "not actionable if time barred, even when [] related to acts alleged in timely filed charges." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The Eighth Circuit has held a claim accrues on "the date on which the adverse employment action is communicated to the plaintiff." *Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1327-28 (8th Cir. 1995). In *Dring,* the Eighth Circuit concluded the statute of limitation for the plaintiff's termination claim began to run on July 18, 1990, when he was informed of the adverse employment action and not when he was laid off on April 7, 1991. *Id.* Because plaintiff indicates in her supplemental pleading that she was told she was not being promoted on September 29, 2020, under *Dring*, this is the date on which the adverse employment action accrued.

Plaintiff specifies in her amended complaint that she filed a notice of discrimination with the EEOC relative to the failure to promote on September 14, 2021. *See* ECF No. 5, p. 3. Under Title VII and the ADEA, an employee aggrieved by an unlawful employment practice must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. §§ 633(b) and 626(d)(1)(B); *Hutson v. Wells Dairy, Inc.,* 578 F.3d 823, 825 (8th Cir. 2009).

Given this requirement, plaintiff failed to file her charge of discrimination within 300 days of being told on September 29, 2020, that she was not going to be promoted. As such, plaintiff's failure to promote claims of race and age discrimination are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

## C. Plaintiff's Racially Hostile Work Environment Claims Are Based on Conclusory Allegations and Do Not Allege Sufficiently Severe or Pervasive Harassment Under Title VII

A "hostile work environment" occurs when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys. Inc.,* 510 U.S. 17, 21 (1993) (citations omitted). By their nature, hostile work environment claims are not isolated incidents, but rather entail ongoing and repeated conduct. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115 (2002).

> To sustain a claim for hostile work environment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she is subjected to unwelcome race-based harassment; (3) the harassment was because of membership in the protected class; and (4) the harassment affected a term, condition, or privilege of his or her employment.

*Anderson v. Durham D & M, L.L.C.,* 606 F.3d 513, 518 (8th Cir. 2010).

"The workplace must be permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive. The environment must be both objectively hostile as perceived by a reasonable person and subjectively abusive as actually viewed by [the plaintiff]." *Id.* "[W]hen a plaintiff attempts to establish a hostile work environment based on the actions of co-workers, he or she must then present evidence that the employer knew or should have known about the harassment and failed to respond in a prompt and effective manner." *Id.* at 519 (citation omitted).

Plaintiff complains that she faced "several challenges at [the Telegraph Store], including being belittled and put in uncomfortable situations" by an unnamed store manager. Plaintiff has not elaborated on these statements. However, she indicates that she filed complaints with Walmart ethics and the EEOC regarding the situation, "and both the store manager and the entire human

resource department were terminated." [ECF No. 5, p. 6]. This is the entirety of plaintiff's purported hostile work environment claim.

Unfortunately, plaintiff's sparse allegations fail to state a prima facie case for a racially hostile work environment claim. Plaintiff has not alleged that the alleged belittlement at the Telegraph Store was because she was a member of a protected class, or because she was black. She also has not alleged that the harassment affected a term, condition or privilege of her employment. Additionally, plaintiff has not indicated that the workplace at the Telegraph Store was filled with such a racially charged environment that the discriminatory actions against her were so severe and pervasive and/or objectively hostile that a reasonable person could view such actions as abusive toward plaintiff. *Anderson*, 606 F.3d at 519. For these reasons, the Court finds plaintiff's hostile work environment claims are subject to dismissal without prejudice.

### D. Plaintiff Fails to Indicate that Her Transfers to Different Walmarts Were Adverse Employment Actions Such That They Can Be Maintained as Separate Claims for Relief

Plaintiff indicates in her pleadings that she was transferred to different Walmarts over her career with the company. She has not indicated that she is suing over the transfers to the different stores, but in an abundance of caution, the Court will address whether plaintiff's transfers can be maintained as separate claims for relief.

"[M]inor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013); *see also Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997) ("'[A] transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action.' A transfer involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action, '[o]therwise every

trivial personnel action that an irritable ... employee did not like would form the basis of a discrimination suit.'"); *cf. Turner v. Gonzales*, 421 F.3d 688, 697 (8th Cir. 2005) ("We are not persuaded that the normal inconveniences associated with any transfer, such as establishing one's professional connections in a new community, are sufficient, without more, to demonstrate a significant change in working conditions.").

Plaintiff does not indicate that the transfers to different stores caused her significant disadvantages, such as a loss in pay, title or benefits. In fact, plaintiff states that she was transferred to different stores to facilitate assistance in helping other stores with various tasks that others were not equipped for. In 2020, plaintiff alleges that she was "selected" to go to the Telegraph Store as a recovery assistant. Plaintiff does not indicate in her amended complaint that she viewed her transfer as an adverse employment action or that she received less pay or benefits because of her transfer. In September of 2021, plaintiff was transferred to the Arnold Walmart, and she took up the position of coach, which appears to be a promotion. Within two weeks of that transfer, plaintiff was "recognized for [her] knowledge and leadership skills," and asked to help at a different Walmart, the Florissant Walmart. None of these transfers appear to be a loss in pay or benefits or to have placed plaintiff at a material disadvantage as alleged by plaintiff.

Because these transfers, in and of themselves, do not appear to be adverse employment actions, and plaintiff has not identified them as such, the Court finds that they cannot be maintained as separate claims for relief in this action.

E. **Plaintiff's Retaliatory Discharge Claim Fails to State a Claim for Relief**

Plaintiff claims that her discharge from the Florissant Walmart by her Manager Josh, was somehow connected to her prior work at the Manchester Walmart. Her claim appears quite circular and unclear. Plaintiff alleges that because she complained to the EEOC about Eddie, the Manchester Store Manager, in 2020 when she was working at the Manchester Store, and Eddie

- 10 -

and Josh were friends, Eddie and Josh had a conspiracy to fire her when she worked at the Florissant Store in December of 2022. Seemingly acknowledging that her statement doesn't make sense, plaintiff also makes the conclusory allegation that she was terminated based on retaliation for having filed complaints on or about September 10, 2022. However, plaintiff fails to allege what these complaints entailed and who she made the complaints to.

In addition to Title VII's protection against discrimination based on race, a separate section of the Civil Rights Act—its anti-retaliation provision—prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006); *see also* 42 U.S.C. § 2000e–3(a).

To establish a prima facie case of retaliation, an employee-plaintiff must show that "(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *See Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1069 (8th Cir. 2017). "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007); *see also Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (characterizing "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" as adverse employment actions).

Because plaintiff has failed to properly allege that her complaints in September of 2022 either opposed a practice made unlawful by Title VII or that her complaints were to the EEOC, she has failed to establish a retaliatory discharge claim.[5]

---

[5] Although plaintiff alleges that when she was terminated, she had an ongoing case with the EEOC relating to her failure to promote cause of action against manager Eddie at the Manchester Store from two years prior, her allegations relating to a different manager (Josh) at a different store (Florissant) are too

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of March, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

conclusory and tenuous to properly allege retaliatory discharge. *See Iqbal*, 556 U.S. at 679 (a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct").